IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STERLING McKOY,
No. 19319-047

        Petitioner,

vs.                               Case No. 14-cv-698-DRH

UNITED STATES OF AMERICA[1], and
JAMES CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Sterling McKoy, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence in *United States v. McKoy*, Case No. 03-cr-290 (D. Neb. 2005).

McKoy's petition for writ of habeas corpus is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to

---

[1] The proper respondent in a Section 2241 petition is the petitioner's jailer, not the United States. *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). Accordingly, the United States will be dismissed as a respondent.

apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

**Synopsis of Procedural History**

In June 2004, a jury found petitioner McKoy guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and ((b)(2). *United States v. McKoy*, Case No. 03-cr-290 (D. Neb. 2005). McKoy was initially sentenced to 348 months' imprisonment, but he was resentenced to 300 months' imprisonment in the wake of *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory, not mandatory—altering 18 U.S.C. § 3553(b) accordingly. (*See* Doc. 251 in the criminal case).

McKoy appealed the drug amount used to calculate his sentence (1.5 kilograms of cocaine base (*see* Doc. 486, p. 1 in the criminal case)). In affirming his conviction and sentence, the Court of Appeals for the Eighth Circuit rejected McKoy's argument that the drug amount should have been decided by a jury (*see* Docs. 256, 305 in the criminal case); *United States v. McKay*, 431 F.3d 1085 (8th Cir. 2005) (consolidated appeal with co-defendant Rashad McKay). The appellate court concluded that the evidence showed that McKoy had dealt multiple kilos of drugs, but he was actually sentenced based on a lesser amount.

In 2007, McKoy unsuccessfully moved to vacate, set aside or correct his sentence, again challenging the drug quantity (*see* Docs. 334, 346, 356 in the criminal case). The Eighth Circuit denied him a certificate of appealability and

dismissed the appeal (*see* Docs. 381, 384 in the criminal case). In 2010, McKoy attempted to file a second Section 2255 motion, but that motion was denied (*see* Doc. 416, 418 in the criminal case).

Two attempts to secure a sentence reduction via 18 U.S.C. § 3582(c)(2) also failed (*see* Docs. 444, 445, and 486, 487 in the criminal case). Despite changes to the Guidelines relative to Crack Cocaine, McKoy's Guidelines sentencing range was 360 months to life, and his 300-month sentence already fell below that range.

A 2013 habeas corpus petition filed by McKoy pursuant to 28 U.S.C. § 2241, arguing that the crack cocaine sentencing scheme is racially discriminatory, was recently dismissed by this Court. *See McKoy v. Cross*, Case No. 13-cv-1121-DRH, Doc. 5 (S.D. Ill. Nov. 25, 2013). McKoy subsequently initiated this habeas corpus action attacking his sentence on other grounds.

**Arguments Presented**

Citing the recent Supreme Court decision *Peugh v. United States*, __U.S.__, 133 S.Ct. 2072 (June 10, 2013), petitioner McKoy argues that it was a violation of the *Ex Post Facto* Clause (Art. I, § 9, cl. 3), and the Due Process Clause (Amend. V), to sentence him under advisory, rather than mandatory Sentencing Guidelines, in the wake of *United States v. Booker*, 543 U.S. 220 (2005)—a change that postdated his criminal acts.

In *Peugh*, an *Ex Post Facto* Clause violation was found when new, more onerous Sentencing Guidelines were used to sentence the defendant than were

in effect when the crime was committed. McKoy argues that his sentence is an *Ex Post Facto* Clause violation regardless of whether the statutory maximum penalty was increased or altered by the new Guidelines. From McKoy's perspective, *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory, in effect increased his statutory maximum sentence from 262 months' imprisonment to imprisonment for life. Furthermore, McKoy points to the drug quantity guidelines in Guidelines Section 2D1.1(c) and argues that *Booker* effectively lowered the burden of proof for proving drug quantity from "beyond a reasonable doubt" to "a preponderance of the evidence." He emphasizes that under *Blakely v. Washington*, 542 U.S. 296 (2004), any factor that increases the penalty for a crime must be proved beyond a reasonable doubt, and that the maximum sentence a judge may impose must be solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

For the same reasons his sentence purportedly violates the *Ex Post Facto* Clause, McKoy contends his right to due process was violated by the post-*Booker* advisory Guidelines.

In support of using Section 2241 to upset his sentence, McKoy asserts that he qualifies under the "savings clause" of 28 U.S.C. § 2255(e), because a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is inadequate to test the validity of his sentence. McKoy views *Peugh* as a new decision regarding both constitutional law *and* statutory interpretation, unavailable at the time of his initial Section 2255 motion, and which can be

applied retroactively—at least under Judge Rovner's dissenting opinion in *Hawkins v. United States*, 724 F.3d 915, 922 (7th Cir. 2013). He further argues that his sentence represents a fundamental miscarriage of justice, in that he is "actually innocent" of any crime warranting a sentence greater than 262 month's imprisonment.

**Analysis**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief.

The Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also Prevatte*, 300 F.3d at 798–99. The fact that

petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

"A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d at 611. The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012). In light of McKoy's post-*Booker* appeal in 2005, and 2007 Section 2255 motion, the lynchpin of this Section 2241petition is the 2013 decision in *Peugh*.

As a preliminary matter, the foundation of McKoy's argument is flawed. McKoy misreads *Peugh* and misunderstands what constitutes an *ex post facto*

law. *Peugh* explained that four categories of laws have long been characterized as *ex post facto* laws:

> In *Calder v. Bull,* Justice Chase reviewed the definition that the term had acquired in English common law:
>
>> "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." 3 Dall., at 390 (emphasis deleted).
>
> *See also Carmell v. Texas,* 529 U.S. 513, 521–525, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (discussing *Calder v. Bull* and the common-law understanding of the term).

*Peugh*, 133 S.Ct. at 2081. Each category requires some detriment to the defendant. McKoy hones in on the statement in *Peugh*, "[W]e have never accepted the proposition that a law must increase the maximum sentence for which a defendant is eligible in order to violate the *Ex Post Facto* Clause." However, he ignores that the Supreme Court then cited as an example *Lindsey v. Washington,* 301 U.S. 397 (1937), where an *ex post facto* violation was recognized when the maximum sentence remained unchanged, but the possibility of an earlier release via parole after a minimum term was eliminated—which is a detriment in the form of the elimination of the possibility of a more favorable sentence or release date.

In any event, McKoy cannot qualify under the *Davenport* test to use the Section 2255(e) savings clause. First, in *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the Court of Appeals for the Seventh Circuit held that *Peugh* was a constitutional case decided relative to the *Ex Post Facto* Clause, not a statutory case. Second, the appellate court found that *Peugh* is not a retroactive decision because an incorrectly calculated Guidelines range is a procedural matter. *Id.* at 917. Most recently, in *United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014), the Seventh Circuit reiterated, "While *Peugh* represents a change in the law, at least in this circuit, the Supreme Court did not make the change expressly retroactive in that case."

McKoy's reliance upon Judge Rovner's dissenting opinion in *Hawkins* is misplaced, and most definitely not controlling law. Judge Rovner considers a sentencing error similar to what McKoy alleges to be a miscarriage of justice actionable under Section 2241. *See Hawkins*, 724 F.3d at 919-25. The majority of judges in *Hawkins, however,* rejected this sort of miscarriage of justice argument, admittedly favoring finality over fairness. *Hawkins,* 724 F.3d at 918-19. The *Hawkins* majority observed that an erroneous post-*Booker* sentencing calculation is reversible on direct appeal; it doesn't follow that it's reversible in a post-conviction proceeding. 724 F.3d at 918 (*Hawkins* involved a Section 2255 motion).

McKoy's reliance upon *Blakely v. Washington* also fails to satisfy the *Davenport* test. McKoy contends that his sentence violates *Blakely* because: (1) it was based on a drug quantity decided by the judge and based only upon a

preponderance of the evidence; and (2) the sentence exceeded the statutory maximum. Blakely was decided in 2004, well before McKoy's direct appeal and first Section 2255 motion. Moreover, *Blakely* has not been declared to be a retroactive decision. *See Simpson v. United States,* 376 F.3d 679, 681 (7th Cir. 2004); *United States v. Hernandez,* 436 F.3d 851, 855 (8th Cir. 2006); *In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005); *Schardt v. Payne,* 414 F.3d 1025, 1034–38 (9th Cir. 2005); *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005).

The lynchpin of McKoy's other arguments (such as a lack of fair warning that that the Guidelines were advisory) was rejected in *United States v. Farris*, 448 F.3d 965 (7th Cir. 2006). Observing that *Booker* itself dictated that its holding that the Guidelines were advisory was to be applied to all cases then on direct review (such as McKoy's), the Seventh Circuit reasoned that otherwise, "all defendants sentenced post-*Booker* for pre-*Booker* crimes would then have a successful due process claim requiring remand for resentencing." 448 F.3d at 968. That is what McKoy asks this Court to do, <u>not</u> apply *Booker*.

McKoy does not qualify under the Section 2255(e) savings clause, nor does he present a fundamental miscarriage of justice that would warrant allowing him to challenge his sentence by using Section 2241.

**IT IS HEREBY ORDERED** that, for the reasons stated, the United States is **DISMISSED** as a respondent, and the petition (Doc. 4) is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

**IT IS SO ORDERED.**

**Signed this 17th day of September, 2014.**

Digitally signed by David R. Herndon

**Chief Judge**
**United States District Court**